UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - - - x

GREEN DAZE MUSIC, WB MUSIC CORP., GET JET MUSIC, INC., CHRYSALIS MUSIC GROUP, INC. D/B/A CHRYSALIS MUSIC AND DOORS MUSIC COMPANY,

Plaintiffs,

-against-

PEDRO'S WESTERN GRILLE, INC. AND ANGELO JOSEPH RENZI,

Defendants.

- - - - - - - - - - - - - - - - - - - x

Civil Action No. [redacted] 05 521 ML

COMPLAINT

Plaintiffs, complaining of the Defendants, by VETTER & WHITE, their attorneys, allege:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege five (5) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs,

their copyrighted musical compositions, and Defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Pedro's Western Grille, Inc. is a Rhode Island corporation which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as All-American Bar & Grille, located at 7570 Post Road, in N. Kingstown, in the State of Rhode Island.

5. On information and belief, Defendant Angelo Joseph Renzi is a resident of this District and, at all times hereinafter mentioned was and still is President and principal stockholder of Defendant Pedro's Western Grille, Inc., with primary responsibility for the control, management, operation and maintenance of the affairs of said corporation. The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

6. Musical compositions were and are publicly performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

9. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

10. The composition ROADHOUSE BLUES for which there are entries in Columns 7 and 8 is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificate of Registration of the claim to the renewal of copyright in the

name of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

11. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendants' premises, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

12. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 on Defendants' premises were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

13. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants have not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

(b) Despite numerous letters and other contacts by ASCAP representatives informing the Defendants of their liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' establishment is open to the public for business and presenting musical entertainment.

(c) The many unauthorized performances at All-American Bar & Grille include the performances of the five copyrighted musical compositions upon which this action is based.

14. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

15. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all

of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Benjamin V. White, No. 1652
Michael J. Daly, No. 6729
VETTER & WHITE
Attorneys for Plaintiffs
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 FAX

14
Dated: December [redacted], 2005

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | GREEN DAZE MUSIC, WB MUSIC CORP. | BOULEVARD OF BROKEN DREAMS | BILLIE JOE ARMSTRONG, FRANK WRIGHT, MICHAEL PRITCHARD | 9/21/04 | PA 1-251-317 | | | 9/2/05 |
| 2. | GREEN DAZE MUSIC, WB MUSIC CORP. | HOLIDAY | BILLIE JOE ARMSTRONG, FRANK WRIGHT, MICHAEL PRITCHARD | 9/21/04 | PA 1-251-317 | | | 9/3/05 |
| 3. | GET JET MUSIC, INC. | COLD HARD BITCH | NICHOLAS CARTER, CHRISTOPER CARTER, CAMERON MUNCEY | 5/6/03 | PA 1-215-941 | | | 9/2/05 |
| 4. | CHRYSALIS MUSIC GROUP, INC. D/B/A CHRYSALIS MUSIC | WHITE WEDDING (PART I) | WILLIAM BROAD A/K/A BILLY IDOL | 6/11/82 | PA 159-638 | | | 9/2/05 |
| 5. | DOORS MUSIC COMPANY | ROADHOUSE BLUES | JIM MORRISON ROBERT KRIEGER JOHN DENSMORE RAYMOND MANZAREK | 5/19/70 | EP 273356 | RAY MANZAREK, ROBERT KRIEGER AND JOHN DENSMORE A/K/A THE DOORS "AUTHORS"; GEORGE S. MORRISON & CARLA C. MORRISON, "CO-TRUSTEES OF THE MORRISON FAMILY TRUST"; COLUMBUS B. COURSON & PEARL M. COURSON "CO-TRUSTEES OF THE COURSON FAMILY TRUST" | 11/16/98 RE 789-520 | 9/3/05 |

SCHEDULE "A"